DECIDED JULY 13, 1955.

*H. L. Williams,* for petitioners.

35708, 35709.   A. C. SAMFORD, INC. *v.* BEECH *et al.;* and *vice versa.*

DECIDED JULY 14, 1955.

*Smith, Gardner & Owens,* for plaintiff in error.

*Farkas, Landau & Davis, James V. Davis,* contra.

FELTON, C. J. The gravamen of the special demurrers to count three, so far as pertinent to a decision in this case is that the plaintiff did not allege the specifications in the main contract between the owner and principal contractor, as to the part of the work the plaintiff was bidding on, and did not allege the bid submitted by the plaintiffs so that the petition would show what the agreement between the parties actually was. If this case had come here on an exception to the overruling of the demurrers to count three, and there had been no trial, we would have held that the special demurrers to count three should have been sus-

tained and would have reversed the case because the error would have at that point been considered harmful. However, since the case has been tried and since the evidence showed the facts sought by the special demurrers to count three and the defendant was put to no disadvantage by the overruling of the demurrers, the court will treat the error as harmless, as the defendant's motion for a new trial on the general grounds affords the same protection as the exception on the rulings on the demurrers. In answer to the invitation to submit a bid on the lathing and plastering work on the Bank of Albany building the plaintiff submitted a proposal which is conceded was not in accordance with the architect's plans and specifications for the building. After the principal contractor received the proposal from the defendant, the defendant mailed to the plaintiff the contract sued on which was accepted by the plaintiff. It is evident from such acceptance by the plaintiff that it was cognizant of the fact that such instrument was not an acceptance of its bid or proposal, and treated it as a new proposal by the defendant. Assuming for the sake of argument only, that the words "subject to the approval of the architect" constituted a condition subsequent, the proposal and its acceptance by the plaintiff did not constitute a valid enforceable contract for the reason that within itself it is contradictory and conflicting because it provided that the work should be done both according to the plaintiff's proposal and the plans and specifications, which was impossible, and in such a case the agreement must be condemned as of no force and effect. 17 C. J. S. 726, § 309. The agreement is unenforceable because by no known rule on the subject of construction of contracts can it be ascertained whether the parties intended to do the lathing and plastering work according to the proposal made by the plaintiff or in accordance with the architect's plans and specifications which were materially different from the plaintiff's proposal. The work could not possibly be done in both ways and there is no way by which it could be ascertained in which of the two ways the work, etc., was to be done. The contract sued on was unenforceable by reason of its indefiniteness and the court erred in overruling the defendant's motion for a new trial. This ruling settles all issues in the case, and it is not necessary to pass on the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Quillian and Nichols, JJ., concur.*